UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL ALBERT | ) | CASE NO. |
| 1719 N. Township Road 46 N. | ) | |
| Bellefontaine, OH 43311 | ) | JUDGE |
| | ) | |
| *On behalf of himself and all others* | ) | **PLAINTIFF'S CLASS AND** |
| *similarly situated,* | ) | **COLLECTIVE ACTION** |
| | ) | **COMPLAINT** |
| Plaintiff, | ) | |
| | ) | (Jury Demand Endorse Herein) |
| *v.* | ) | |
| | ) | |
| HONDA DEVELOPMENT & | ) | |
| MANUFACTURING OF AMERICA, LLC | ) | |
| c/o Statutory Agent | ) | |
| Corporation Service Company | ) | |
| 50 West Broad Street, Suite 1330 | ) | |
| Columbus, OH 43215 | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Michael Albert, by and through counsel, for his Class and Collective Action

Complaint against Defendant Honda Development & Manufacturing of America, LLC

(hereinafter also collectively referred to as "HDMA" or "Defendant"), states and alleges the

following:

**INTRODUCTION**

1.    The Fair Labor Standards Act of 1938, as amended (the "FLSA"), 29 U.S.C. §

201, *et seq.* is a broadly remedial and humanitarian statute designed to correct "labor conditions

detrimental to the maintenance of the minimum standard of living necessary for health,

efficiency, and general well-being of workers[,]" 29 U.S.C. § 202(a), as well as "to protect all

covered workers from substandard wages and oppressive working hours." *Barrentine v. Ark Best*

*Freight Sys. Inc*., 450 U.S. 728, 739 (1981). The FLSA required Defendant HDMA to pay all

non-exempt employees at least one and one-half times their regular rate of pay for all hours

worked in excess of forty (40) hours each workweek. 29 U.S.C. § 207. Ohio law, O.R.C. Chapter

4111, and other state laws further required the payment of overtime compensation.

2.       Upon information and belief, in or about December 2021, Defendant's payroll

provider, Ultimate Kronos Group ("Kronos"), was subject to a purported cybersecurity incident.[1]

3.       The FLSA and Ohio law required Defendant to maintain accurate and complete

records of employees' time worked and amounts paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2,

516.5, 516.6, 516.7 ("[e]ach employer shall keep the records required by this part **safe and**

**accessible** at the place or places of employment, or at one or more established central

recordkeeping offices where such records are customarily maintained") (emphasis added); O.R.C

§§ 4111.08, 4111.14(F); Ohio Const. Art. II, § 34a. For example, federal regulations require

employers to make and keep payroll records showing information and data such as the

employee's name, occupation, time of day and day of week which the workweek begins, regular

hourly rate of pay for any week in which overtime compensation is due, hours worked each

workday and total hours worked each workweek, total daily or weekly straight time earnings,

total premium pay for overtime hours, total wages paid each pay period and date of payment and

pay period covered by the payment. 29 C.F.R. § 516.2. To the extent that Defendant maintained

the records at a central recordkeeping office, other than in the place or places of employment,

these records were required to be available within 72 hours. *See* 29 C.F.R. § 516.7.

4.       By failing to keep accurate records of hours worked, notwithstanding Defendant's

enumerated obligations under the FLSA, Ohio law, and other state laws, Defendant has not

recorded or paid all overtime hours worked to their hourly non-exempt employees, including

---

[1] *See* https://www.nbcnews.com/tech/security/weeks-ransomware-attack-workers-still-worry-
paychecks-rcna14186 (last accessed Feb. 15, 2022).

Plaintiff and other members of the FLSA Collective and Ohio Class, in violation of the FLSA and Ohio law since approximately early-December, 2021, after the outset of the Kronos cybersecurity incident.

5.     Plaintiff brings this case to challenge the policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the statutes of the State of Ohio.

6.     Plaintiff brings this case as a nationwide FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated" (the "FLSA Collective").

7.     Plaintiff also brings this case as a class action under Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert factually-related claims under the wage-and-hour statutes of the State of Ohio (the "Ohio Class").

8.     Plaintiff and other members of the FLSA Collective and Ohio Class now seek to exercise their rights to unlawfully unpaid overtime wages and additional statutory liquidated damages in this matter, in addition to prejudgment interest, costs and attorneys' fees incurred in prosecuting this action, and such further relief as the Court deems equitable and just.

## JURISDICTION AND VENUE

9.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

10. This Court has supplemental jurisdiction over Plaintiff's claims under the statutes of the State of Ohio because those claims are so related to the FLSA claims as to form part of the same case or controversy.

11. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant is an Ohio limited liability company, Defendant resides in this district and division, and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

12. Plaintiff Michael Albert is an individual and a resident of Logan County, Ohio.

13. Defendant HDMA is an Ohio domestic for-profit limited liability company[2] with its principal place of business, upon information and belief, in Union County, Ohio. According to records maintained by the Ohio Secretary of State, Defendant HDMA's agent for service of process is Corporation Service Company, 50 West Broad Street, Suite 1330, Columbus, OH 43215.

## FACTUAL ALLEGATIONS

### Defendant's Business and Defendant's Status as an Employer

14. Defendant HDMA is a firm consisting of "all of [Honda's] automobile manufacturing facilities in the U.S. related to frame, engine, transmission, and related engineering and purchasing operations[.]" [3] The Honda companies consolidated into HDMA in, about, or prior to 2020 include, but are not limited to:

- Honda of America Mfg.;

---

[2] https://businesssearch.ohiosos.gov?=businessDetails/511425 (last accessed Feb. 15, 2022).
[3] https://hondanews.com/en-US/honda-corporate/releases/release-bd02dee71621887f2b54acd66f0f4d22-honda-unifies-manufacturing-operations-and-rd-in-north-america-sales-organization-streamlines-auto-sales-and-parts-service-field-operations (last accessed Feb. 15, 2022).

- Honda Manufacturing of Alabama;
- Honda Manufacturing of Indiana;
- Honda Transmission Manufacturing of America;
- Honda Precision Parts of Georgia;
- Honda Engineering North America;
- Honda R&D Americas; and
- Honda Accessory America.[4]

15.     Defendant HDMA is an "employer" of Plaintiff and other members of the FLSA

Collective and Ohio Class within the meaning of the FLSA, 29 U.S.C. § 203(d), and Ohio law.

16.     Defendant HDMA utilizes non-exempt hourly employees, including Plaintiff and

other members of the FLSA Collective and Ohio Class, in furtherance of its business purpose.

17.     At all times relevant, Defendant was an enterprise within the meaning of 29

U.S.C. § 203(r).

18.     At all times relevant, Defendant was an enterprise engaged in commerce or in the

production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

19.     Defendant operates and controls an enterprise engaged in commerce, with annual

gross volume of business exceeding $500,000.00.

20.     Defendant was an employer of Plaintiff and other members of the FLSA

Collective and Ohio Class as Defendant exercised the power to hire or fire employees;

supervised and controlled the employees' work or conditions of employment; determined

employees' rates and methods of payment; and maintained or was required to maintain records,

including employment records.

### Plaintiff's, the FLSA Collective's, and Ohio Class's
### Non-Exempt Employment Statuses with Defendant

21.     Plaintiff Michael Albert has been employed by Defendant from approximately

October 2020 to the present as an hourly equipment service technician. Defendant classifies and

---

[4] *Id.*

5

pays Plaintiff, as well as other members of the FLSA Collective and Ohio Class, as a nonexempt hourly employee.

22. At all times relevant, Plaintiff and other members of the FLSA Collective and Ohio Class were employees within the meaning of 29 U.S.C. § 203(e) and O.R.C. §§ 4111.01, *et seq*.

23. At all times relevant, Plaintiff and other members of the FLSA Collective and Ohio Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

**Defendant's Failure to Pay Overtime Compensation**

24. The FLSA and Ohio law required Defendant to pay overtime compensation to its employees at the rate of one and one-half times their regular rate of pay for the hours they worked in excess of forty (40). 29 U.S.C. § 207; O.R.C. §§ 4111.03, 4111.10.

25. Plaintiff Michael Albert and other members of the FLSA Collective and the Ohio Class frequently worked more than forty (40) hours in a single workweek.

26. Defendant consistently failed to pay Plaintiff and other members of the FLSA Collective and the Ohio Class for all hours, including overtime hours, worked. 29 U.S.C. § 207.

27. Instead of compensating Plaintiff Michael Albert and other members of the FLSA Collective and the Ohio Class at one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek, Defendant paid Plaintiff and other members of the FLSA Collective and the Ohio Class less than one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek.

28.     Defendant shortchanged its hourly employees and failed to pay overtime compensation through unlawful practices that do not calculate weekly overtime at one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek.

29.     Defendant's unlawful time payment policies as highlighted above denied Plaintiff and other members of the FLSA Collective and the Ohio Class compensable overtime hours and compensation they were entitled to be paid. Had Defendant kept accurate timekeeping and payroll records in compliance with the FLSA and Department of Labor regulations, including but not limited to by maintaining the records in a manner that was "**safe and accessible at the place or places of employment, or at one or more established central recordkeeping offices where such records are customarily maintained**," 29 C.F.R. § 516.7 (emphasis added), Plaintiff and other members of the FLSA Collective and the Ohio Class would have been compensated for additional overtime hours for which they were not paid.

30.     As a direct and proximate result of Defendant's failure to keep accurate timekeeping and payroll records in compliance with the FLSA and Department of Labor regulations, including but not limited to by maintaining the records in a manner that was "safe and accessible at the place or places of employment, or at one or more established central recordkeeping offices where such records are customarily maintained," 29 C.F.R. § 516.7, Defendant has not been paying overtime compensation to all non-exempt employees at at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours each workweek. 29 U.S.C. § 207. Instead, upon information and belief, Defendant has been calculating and paying overtime wages as straight time hours in the weeks after the December 2021 Kronos purported cybersecurity incident. While Michael Albert, for example, and other members of the FLSA Collective and Ohio Class, worked significant amounts of overtime hours

after the December 2021 Kronos purported cybersecurity incident and beyond, their actual overtime hours have not been paid at least one and one-half times their regular rate of pay as specifically enumerated by the FLSA.

31.     While Plaintiff and other members of the FLSA Collective and the Ohio Class frequently worked more than forty (40) hours in a single workweek, since approximately early-December, 2021, Defendant has consistently failed to pay Plaintiff and other members of the FLSA Collective and the Ohio Class for all hours worked, including overtime hours. 29 U.S.C. § 207.

32.     Defendant's illegal overtime compensation pay practices, including the decision to calculate overtime wages based on a formula that does not consider actual overtime worked, were the result of systematic and company-wide policies originating at the management level.

33.     Defendant's failure to compensate Plaintiff and other members of the FLSA Collective and the Ohio Class for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay constitutes a knowing and willful violation of the FLSA, 29 U.S.C. § 207 and corresponding Ohio law.

**Defendant's Record Keeping Violations**

34.     The FLSA and Ohio law required Defendant to maintain accurate and complete records of employees' time worked and amounts paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); Ohio Const. Art. II, § 34a. For example, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time

earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment. 29 C.F.R. § 516.2.

35.     Department of Labor regulations specifically required Defendant to maintain the records in a manner that was "safe and accessible at the place or places of employment, or at one or more established central recordkeeping offices where such records are customarily maintained." 29 C.F.R. § 516.7. To the extent that Defendant maintained the records at a central recordkeeping office, other than in the place or places of employment, these records were required to be available within 72 hours. *Id.* Ohio law also provides that employers "shall maintain a record of the name, address, occupation, pay rate, hours worked for each day worked and each amount paid an employee for a period of not less than three years following the last date the employee was employed." Ohio Const. Art. II, § 34a.

36.     Defendant failed to keep accurate records of hours worked. Thus, Defendant did not record or pay all hours worked in violation of the FLSA and Ohio law.

<u>**The Willfulness of Defendant's Violations**</u>

37.     Defendant knew that Plaintiff and other members of the FLSA Collective and Ohio Class were entitled to overtime compensation under federal and state law or acted in reckless disregard for whether they were so entitled.

38.     Defendant's executive, calculated decision to pay wages without regard to actual overtime hours worked since the December 2021 Kronos purported cybersecurity incident, a policy and practice that inherently does not consider Plaintiff's and other members of the FLSA Collective's and Ohio Class's actual overtime hours worked, and pay for the actual overtime worked at one and one-half times Plaintiff's and other members of the FLSA Collective's and

Ohio Class's regular rate of pay, constitutes a knowing and willful violation of the FLSA and state law.

39.     In addition, by denying Plaintiff and other members of the FLSA Collective and Ohio Class overtime compensation as required by the FLSA and Ohio law, Defendant's acts were not based upon good faith. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions requiring the proper and prompt payment of overtime compensation under Ohio and federal laws recited in this Complaint, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as required. Defendant therefore knew about the overtime compensation requirements of the FLSA and Ohio law or acted in reckless disregard as to Defendant's obligations under the FLSA and Ohio law.

40.     The above payroll practices resulted in knowing and willful overtime violations of the FLSA, 29 U.S.C. §§ 201-219; and O.R.C. Chapter 4111.

## **COLLECTIVE ACTION ALLEGATIONS**

41.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

42.     Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

43.     Plaintiff brings this case on behalf of an FLSA collective group of employees of Defendant (referred to herein as the "FLSA Collective").

10

44. The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendant's FLSA violations as to the FLSA Collective consist of:

**All current and former hourly employees of Defendant in the United States from December 1, 2021 to the present who were (1) paid on an hourly basis, and (2) were not paid overtime compensation in the amount of one and one-half times the employee's regular rate of pay for all hours worked over forty (40) in any workweek.**

45. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty (40) per workweek, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

46. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

47. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that the FLSA Collective consists of over ten thousand (10,000) persons. Such persons are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA.

## CLASS ACTION ALLEGATIONS

48. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

49. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert claims under the laws of the State of Ohio (the "Ohio Class"), defined as:

**All current and former hourly employees of Defendant in Ohio from December 1, 2021 to the present who were (1) paid on an hourly basis, and (2) were not paid overtime compensation in the amount of one and one-half times the employee's regular rate of pay for all hours worked over forty (40) in any workweek.**

50.    The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that they consist of several thousand persons. The number of class members, as well as their identities, are ascertainable from the payroll and personnel records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); Ohio Const. Art. II, § 34a.

51.    There are questions of law or fact common to the Ohio Class, including but not limited to:

Whether Defendant's conduct as described above violates Ohio law governing payment of overtime compensation;

Whether Defendant denied employees overtime compensation under Ohio law where, among other things, employees were not paid wages for their overtime hours worked; and

What amount of monetary relief will compensate Plaintiff and other members of the Ohio Class for Defendant's violations of O.R.C. §§ 4111.03 and 4111.10.

52.    Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

53.    Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel have broad experience in handling class action litigation,

including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

54.     The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

55.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
**(FLSA Overtime Violations)**

56.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

57.     Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and members of the FLSA Collective who may join this case pursuant to 29 U.S.C. § 216(b).

58.     The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

59.     Plaintiff and other members of the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

60.     Defendant did not pay overtime compensation to Plaintiff and other members of the FLSA Collective at the rate of one and one-half times their regular rate for all of their overtime hours.

61.     Defendant knowingly, willfully, and/or in reckless disregard carried out an illegal pattern and practice of failing to pay Plaintiff and other members of the FLSA Collective overtime compensation. Defendant's deliberate failure to pay overtime compensation to Plaintiff and other members of the FLSA Collective was neither reasonable, nor was the decision not to pay overtime made in good faith. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force of law.

62.     As a result of Defendant's violations of the FLSA, Plaintiff and other members of the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiff and other members of the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

63.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

64.     Plaintiff brings this claim for violation of the Ohio overtime compensation statute, O.R.C. § 4111.03, on behalf of himself and other members of the FLSA Collective and Ohio Class.

65.     At all times relevant, Defendant was an employer covered by the Ohio overtime compensation statute, O.R.C. § 4111.03.

66.     Defendant's failure to compensate overtime hours worked violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

67.     These violations of Ohio law injured Plaintiff and other members of the FLSA Collective and Ohio Class in that they did not receive wages due to them pursuant to that statute.

68.     Having injured Plaintiff and other members of the FLSA Collective and the Ohio Class, Defendant is "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] and for costs and reasonable attorney's fees as may be allowed by the court" under Ohio law. O.R.C. § 4111.10.

[Plaintiff's *Prayer for Relief* follows on the next page.]

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court:

A.      Conditionally certify this case as a nationwide FLSA "collective action" pursuant to 29 U.S.C. § 216(b) as to the FLSA Collective and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B.      Certify this case as a class action pursuant to Fed. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C.      Enter judgment against Defendant, and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class;

D.      Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class in the amount of their unpaid overtime wages, as well as liquidated damages in an equal amount; and

E.      Award Plaintiff and other members of the FLSA Collective and Ohio Class compensatory damages, prejudgment interest, costs and attorneys' fees incurred in prosecuting this action, and such further relief as the Court deems equitable and just.

Respectfully Submitted,

*s/ Ryan A. Winters*
Joseph F. Scott (0029780) (Trial Counsel)
Ryan A. Winters (0086917)
Kevin M. McDermott II (0090455)
SCOTT & WINTERS LAW FIRM, LLC
The Caxton Building
812 Huron Rd. E., Suite 490
Cleveland, OH 44115
P: (216) 912-2221   F: (216) 350-6313
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

*Attorneys for the Plaintiff, proposed FLSA Collective Action Plaintiffs, and proposed Fed. R. Civ. P. 23 Class Counsel*

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

*s/ Ryan A. Winters*

Ryan A. Winters (Ohio - 0086917)