UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL ALBERT<br>1719 N. Township Road 46 N.<br>Bellefontaine, OH 43311<br><br>*On behalf of himself and all others similarly situated,*<br><br>        Plaintiff,<br><br>   *v.*<br><br>HONDA DEVELOPMENT &<br>MANUFACTURING OF AMERICA, LLC<br>c/o Statutory Agent<br>Corporation Service Company<br>50 West Broad Street, Suite 1330<br>Columbus, OH 43215<br><br>        Defendant. | CASE NO. 2:22-CV-00694<br><br>JUDGE EDMUND A. SARGUS, JR.<br><br>MAGISTRATE JUDGE JOLSON<br><br>**PLAINTIFF'S FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>(Jury Demand Endorse Herein) |

Plaintiff Michael Albert, by and through counsel, for his First Amended Class and Collective Action Complaint against Defendant Honda Development & Manufacturing of America, LLC (hereinafter also collectively referred to as "HDMA" or "Defendant"), filed pursuant to Fed. R. Civ. P. 15(a)(1)(B), states and alleges the following:

## INTRODUCTION

1. The Fair Labor Standards Act of 1938, as amended (the "FLSA"), 29 U.S.C. § 201, *et seq.* is a broadly remedial and humanitarian statute designed to correct "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers[,]" 29 U.S.C. § 202(a), as well as "to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Ark Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981). The FLSA required Defendant HDMA to pay all

non-exempt employees at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours each workweek. 29 U.S.C. § 207. Ohio law, O.R.C. Chapter 4111, and other state laws further required the payment of overtime and/or non-overtime compensation, and/or contained other wage payment requirements. *See, e.g.*, N.C. Gen. Stat. §§ 95-25.1 *et seq.*; S.C. Code §§ 41-10-10 *et seq.*; Indiana Minimum Wage Law, I.C. § 22-2-2, *et seq.*, and the Indiana Wage Payment Statute, I.C. § 22-2-5, *et seq.*

2. Upon information and belief, in or about December 2021, Defendant's payroll provider, Ultimate Kronos Group ("Kronos"), was subject to a purported cybersecurity incident.[1]

3. The FLSA, Ohio law, and/or similar laws in effect in other States, required Defendant to maintain accurate and complete records of employees' time worked and amounts paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7 ("[e]ach employer shall keep the records required by this part **safe and accessible** at the place or places of employment, or at one or more established central recordkeeping offices where such records are customarily maintained") (emphasis added); O.R.C §§ 4111.08, 4111.14(F); Ohio Const. Art. II, § 34a. For example, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment. 29 C.F.R. § 516.2. To the extent that Defendant maintained the records at a central recordkeeping office, other than

---

[1] *See* https://www.nbcnews.com/tech/security/weeks-ransomware-attack-workers-still-worry-paychecks-rcna14186 (last accessed Feb. 15, 2022).

in the place or places of employment, these records were required to be available within 72 hours. *See* 29 C.F.R. § 516.7.

4. By failing to keep accurate records of hours worked, notwithstanding Defendant's enumerated obligations under the FLSA, Ohio law, and/or similar laws in effect in other States, Defendant has not recorded or paid all overtime hours worked to its hourly non-exempt employees, including Plaintiff and other members of the FLSA Collective and State Law Class, in violation of the FLSA, Ohio law, and the materially similar laws and their implementing regulations in effect in other States, since approximately early-December, 2021, after the outset of the Kronos cybersecurity incident.

5. Plaintiff brings this case to challenge the policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the statutes of the State of Ohio.

6. Plaintiff brings this case as a nationwide FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated" (the "FLSA Collective").

7. Plaintiff also brings this case as a class action under Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert factually-related claims under the wage-and-hour statutes of the State of Ohio and similar laws and implementing regulations in other States (the "State Law Class").

8. Plaintiff and other members of the FLSA Collective and State Law Class now seek to exercise their rights to unlawfully unpaid overtime wages and additional statutory

liquidated damages in this matter, in addition to punitive damages, prejudgment interest, costs and attorneys' fees incurred in prosecuting this action, the employer's share of relevant taxes, and such further relief as the Court deems equitable and just.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

10. This Court has supplemental jurisdiction over Plaintiff's claims under the statutes of the State of Ohio because those claims are so related to the FLSA claims as to form part of the same case or controversy.

11. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant is an Ohio limited liability company, Defendant resides in this district and division, and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

12. Plaintiff Michael Albert is an individual and a resident of Logan County, Ohio.

13. Defendant HDMA is an Ohio domestic for-profit limited liability company[2] with its principal place of business, upon information and belief, in Union County, Ohio. According to records maintained by the Ohio Secretary of State, Defendant HDMA's agent for service of process is Corporation Service Company, 50 West Broad Street, Suite 1330, Columbus, OH 43215.

## FACTUAL ALLEGATIONS

### Defendant's Business and Defendant's Status as an Employer

---

[2] https://businesssearch.ohiosos.gov?=businessDetails/511425 (last accessed April 12, 2022).

4

14. Defendant HDMA is a firm consisting of "all of [Honda's] automobile manufacturing facilities in the U.S. related to frame, engine, transmission, and related engineering and purchasing operations[.]"[3] The Honda companies consolidated into HDMA in, about, or prior to 2020 include, but are not limited to:

- Honda of America Mfg.;
- Honda Manufacturing of Alabama;
- Honda Manufacturing of Indiana;
- Honda Transmission Manufacturing of America;
- Honda Precision Parts of Georgia;
- Honda Engineering North America;
- Honda R&D Americas; and
- Honda Accessory America.[4]

15. Defendant HDMA is an "employer" of Plaintiff and other members of the FLSA Collective and State Law Class within the meaning of the FLSA, 29 U.S.C. § 203(d), Ohio law, and the materially similar laws and their implementing regulations in effect in other States.

16. Defendant HDMA utilizes non-exempt employees, including Plaintiff and other members of the FLSA Collective and State Law Class, in furtherance of its business purpose.

17. At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

18. At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

19. Defendant operates and controls an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

---

[3] https://hondanews.com/en-US/honda-corporate/releases/release-bd02dee71621887f2b54acd66f0f4d22-honda-unifies-manufacturing-operations-and-rd-in-north-america-sales-organization-streamlines-auto-sales-and-parts-service-field-operations (last accessed April 12, 2022).

[4] *Id.*

5

20. Defendant was an employer of Plaintiff and other members of the FLSA Collective and State Law Class as Defendant exercised the power to hire or fire employees; supervised and controlled the employees' work or conditions of employment; determined employees' rates and methods of payment; and maintained or was required to maintain records, including employment records.

### Plaintiff's, the FLSA Collective's, and State Law Class's Non-Exempt Employment Statuses with Defendant

21. Plaintiff Michael Albert has been employed by Defendant from approximately October 2020 to the present as an hourly equipment service technician. Defendant classifies and pays Plaintiff, as well as other members of the FLSA Collective and State Law Class, as a nonexempt employee.

22. At all times relevant, Plaintiff and other members of the FLSA Collective and State Law Class were employees within the meaning of 29 U.S.C. § 203(e), O.R.C. §§ 4111.01, *et seq.*, and the materially similar laws and their implementing regulations in effect in other States.

23. At all times relevant, Plaintiff and other members of the FLSA Collective and State Law Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

### Defendant's Failure to Pay Overtime Compensation

24. The FLSA, Ohio law, and the materially similar laws and their implementing regulations in effect in other States, required Defendant to pay overtime compensation to its employees at the rate of one and one-half times their regular rate of pay for the hours they worked in excess of forty (40). 29 U.S.C. § 207; O.R.C. §§ 4111.03, 4111.10, 2307.60, 4113.15; and/or materially similar laws and their implementing regulations in effect in other States.

6

25. Plaintiff Michael Albert and other members of the FLSA Collective and the State Law Class frequently worked more than forty (40) hours in a single workweek.

26. Defendant consistently failed to pay Plaintiff and other members of the FLSA Collective and the State Law Class for all hours, including overtime hours, worked. 29 U.S.C. § 207.

27. Instead of compensating Plaintiff Michael Albert and other members of the FLSA Collective and the State Law Class at one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek, Defendant paid Plaintiff and other members of the FLSA Collective and the State Law Class less than one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek.

28. Defendant shortchanged its hourly employees and failed to pay overtime compensation through unlawful practices that do not calculate weekly overtime at one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek.

29. Defendant's unlawful time payment policies as highlighted above denied Plaintiff and other members of the FLSA Collective and the State Law Class compensable overtime hours and compensation they were entitled to be paid. Had Defendant kept accurate timekeeping and payroll records in compliance with the FLSA and Department of Labor regulations, including but not limited to by maintaining the records in a manner that was "**safe and accessible at the place or places of employment, or at one or more established central recordkeeping offices where such records are customarily maintained**," 29 C.F.R. § 516.7 (emphasis added), Plaintiff and other members of the FLSA Collective and the State Law Class would have been compensated for additional overtime hours for which they were not paid.

30. As a direct and proximate result of Defendant's failure to keep accurate timekeeping and payroll records in compliance with the FLSA and Department of Labor regulations, Defendant has not been paying overtime compensation to all non-exempt employees at at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours each workweek. 29 U.S.C. § 207. Instead, upon information and belief, Defendant has been calculating and paying overtime wages as straight time hours, or otherwise in a form that does not pay overtime compensation to all non-exempt employees at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours each workweek, in the weeks after the December 2021 Kronos purported cybersecurity incident. While Plaintiff Michael Albert, for example, and other members of the FLSA Collective and State Law Class, worked significant amounts of overtime hours after the December 2021 Kronos purported cybersecurity incident and beyond, their actual overtime hours have not been paid at least one and one-half times their regular rate of pay as specifically enumerated by the FLSA.

31. While Plaintiff and other members of the FLSA Collective and the State Law Class frequently worked more than forty (40) hours in a single workweek, since approximately early-December, 2021, Defendant has consistently failed to pay Plaintiff and other members of the FLSA Collective and the State Law Class for all hours worked, including overtime hours. 29 U.S.C. § 207.

32. Defendant's illegal overtime compensation pay practices, including the decision to calculate overtime wages based on a formula that does not consider actual overtime worked, were the result of systematic and company-wide policies originating at the management level.

8

33. There is no dispute that Plaintiff and other members of the FLSA Collective and the State Law Class are entitled to overtime pay for hours worked over 40 under the laws cited herein upon which the claims are brought.

34. Defendant's failure to compensate Plaintiff and other members of the FLSA Collective and the State Law Class for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay constitutes a knowing and willful violation of the FLSA, 29 U.S.C. § 207, corresponding Ohio law, and the materially similar laws and their implementing regulations in effect in other States.

### Defendant's Record Keeping Violations

35. The FLSA, Ohio law, and the materially similar laws and their implementing regulations in effect in other States, required Defendant to maintain accurate and complete records of employees' time worked and amounts paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); Ohio Const. Art. II, § 34a; and the materially similar laws and their implementing regulations in effect in other States.

36. For example, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment. 29 C.F.R. § 516.2.

37. Department of Labor regulations specifically required Defendant to maintain the records in a manner that was "safe and accessible at the place or places of employment, or at one

9

or more established central recordkeeping offices where such records are customarily maintained." 29 C.F.R. § 516.7. To the extent that Defendant maintained the records at a central recordkeeping office, other than in the place or places of employment, these records were required to be available within 72 hours. *Id.* Ohio law, for example, also provides that employers "shall maintain a record of the name, address, occupation, pay rate, hours worked for each day worked and each amount paid an employee for a period of not less than three years following the last date the employee was employed." Ohio Const. Art. II, § 34a.

38. Defendant failed to keep accurate records of hours worked. Thus, Defendant did not record or pay all hours worked in violation of the FLSA, Ohio law, and the materially similar laws and their implementing regulations in effect in other States.

### The Willfulness of Defendant's Violations

39. Defendant knew that Plaintiff and other members of the FLSA Collective and State Law Class were entitled to overtime compensation under federal and state law or acted in reckless disregard for whether they were so entitled.

40. Defendant's executive, calculated decision to pay wages without regard to actual overtime hours worked since the December 2021 Kronos purported cybersecurity incident, a policy and practice that inherently does not consider Plaintiff's and other members of the FLSA Collective's and State Law Class's actual overtime hours worked, and pay for the actual overtime worked at one and one-half times Plaintiff's and other members of the FLSA Collective's and State Law Class's regular rate of pay, constitutes a knowing and willful violation of the FLSA and state law.

41. In addition, by denying Plaintiff and other members of the FLSA Collective and State Law Class overtime compensation as required by the FLSA, Ohio law, and the materially

10

similar laws and their implementing regulations in effect in other States, Defendant's acts were not based upon good faith. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions requiring the proper and prompt payment of overtime compensation under Ohio and federal laws recited in this Complaint, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as required. Defendant therefore knew about the overtime compensation requirements of the FLSA, Ohio law, and the materially similar laws and their implementing regulations in effect in other States or acted in reckless disregard as to Defendant's obligations under these laws.

42. Moreover, Defendant's obligations under these laws were clearly known by Defendant. For example O.R.C. § 4111.09 provides that "[e]very employer subject to sections 4111.01 to 4111.17 of the Revised Code, or to any rules issued thereunder, shall keep a summary of the sections, approved by the director of commerce, and copies of any applicable rules issued thereunder, or a summary of the rules, posted in a conspicuous and accessible place in or about the premises wherein any person subject thereto is employed." As approved by the director of commerce, this conspicuously-placed posting includes the language: "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours in excess of 40 hours in one work week, except for employers grossing less than $150,000 per year." Defendant therefore knew about the overtime requirements of the FLSA, Ohio law, and the materially similar laws and their implementing regulations in effect in other States, or acted in reckless disregard for whether Plaintiff and other members of the FLSA Collective and State Law Class were entitled to overtime compensation.

11

43. Plaintiff and other members of the FLSA Collective and State Law Class are therefore entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. § 260, and the materially similar laws and their implementing regulations in effect under State law.

44. Defendant intentionally, knowingly, and willfully circumvented the requirements of the FLSA, Ohio law, and the materially similar laws and their implementing regulations in effect in other States.

45. The above payroll practices resulted in knowing and willful overtime violations of the FLSA, 29 U.S.C. §§ 201-219; O.R.C. Chapter 4111; O.R.C. § 2307.60; and the materially similar laws and their implementing regulations in effect in other States.

## COLLECTIVE ACTION ALLEGATIONS

46. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

47. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

48. Plaintiff brings this case on behalf of an FLSA collective group of employees of Defendant (referred to herein as the "FLSA Collective").

49. The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendant's FLSA violations as to the FLSA Collective consist of:

> **All current and former non-exempt (including but not limited to commission-based, hourly and salaried) employees of Defendant in the United States since the onset of the Kronos ransomware attack, from on or about December 1, 2021 to the present, (1) whose weekly work hours were tracked**

12

**by the Kronos timekeeping system, (2) who were not paid their actual earned wages, including overtime wages, during the Kronos outage period, and (3) who were not paid overtime compensation in the amount of one and one-half times the employee's regular rate of pay for all hours worked over forty (40) in any workweek.**

50. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty (40) per workweek, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

51. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

52. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that the FLSA Collective consists of over ten thousand (10,000) persons. Such persons are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA.

## CLASS ACTION ALLEGATIONS

53. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

54. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert claims under the laws of the State of Ohio and the materially similar laws and their implementing regulations in effect in other States (the "State Law Class"), defined as:

**All current and former non-exempt (including but not limited to commission-based, hourly and salaried) employees of Defendant in the United States**

13

**since the onset of the Kronos ransomware attack, from on or about December 1, 2021 to the present, (1) whose weekly work hours were tracked by the Kronos timekeeping system, (2) who were not paid their actual earned wages, including overtime wages and non-overtime wages, during the Kronos outage period, and (3) who were not paid overtime compensation in the amount of one and one-half times the employee's regular rate of pay for all hours worked over forty (40) in any workweek, and/or not paid for all their hours worked.**

55. The State Law Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that they consist of several thousand persons. The number of class members, as well as their identities, are ascertainable from the payroll and personnel records Defendant has maintained, and was required to maintain, pursuant to the FLSA, Ohio law, and the materially similar laws and their implementing regulations in effect in other States. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); Ohio Const. Art. II, § 34a; and the materially similar laws and their implementing regulations in effect in other States.

56. There are questions of law or fact common to the State Law Class, including but not limited to:

> Whether Defendant's conduct as described above violates Ohio law and the materially similar laws and their implementing regulations in effect in other States governing payment of overtime and non-overtime compensation;
>
> Whether Defendant denied employees overtime and non-overtime compensation under Ohio law and the materially similar laws and their implementing regulations in effect in other States where, among other things, employees were not paid wages for their overtime hours and non-overtime hours worked; and
>
> What amount of monetary relief will compensate Plaintiff and other members of the State Law Class for Defendant's violations of O.R.C. §§ 4111.03, 4111.10, 4113.15, and the materially similar laws and their implementing regulations in effect in other States.

14

57. Plaintiff's claims are typical of the claims of other members of the State Law Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

58. Plaintiff will fairly and adequately protect the interests of the State Law Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the State Law Class in this case.

59. The questions of law or fact that are common to the State Law Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

60. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## **COUNT ONE**
**(FLSA Overtime Violations)**

61. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

62. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and members of the FLSA Collective who may join this case pursuant to 29 U.S.C. § 216(b).

63. The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

64. Plaintiff and other members of the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

65. Defendant did not pay overtime compensation to Plaintiff and other members of the FLSA Collective at the rate of one and one-half times their regular rate for all of their overtime hours.

66. Defendant knowingly, willfully, and/or in reckless disregard carried out an illegal pattern and practice of failing to pay Plaintiff and other members of the FLSA Collective overtime compensation. Defendant's deliberate failure to pay overtime compensation to Plaintiff and other members of the FLSA Collective was neither reasonable, nor was the decision not to pay overtime made in good faith. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force of law.

67. As a result of Defendant's violations of the FLSA, Plaintiff and other members of the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiff and other members of the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any

judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Wage and Hour Violations and/or Similar State Laws and Implementing Regulations in Effect in Other States)

68. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

69. Plaintiff brings this claim for violation of the Ohio overtime compensation statute, O.R.C. § 4111.03, Ohio's Prompt Pay Act, §4113.15, Ohio's statue regarding Civil Violations for a Criminal Act § 2307.60, and the materially similar laws and their implementing regulations in effect in other States, on behalf of himself and other members of the FLSA Collective and State Law Class.

70. At all times relevant, Defendant was an employer covered by the Ohio overtime compensation statute, O.R.C. § 4111.03, and the materially similar laws and their implementing regulations in effect in other States.

71. Defendant's failure to compensate overtime hours worked violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03, and the materially similar laws and their implementing regulations in effect in other States.

72. These violations of Ohio law, including Ohio overtime compensation statute, O.R.C. § 4111.03, Ohio's Prompt Pay Act, § 4113.15, Ohio's statue regarding Civil Violations for a Criminal Act § 2307.60 and the materially similar laws and their implementing regulations in effect in other States injured Plaintiff and other members of the FLSA Collective and State Law Class in that they did not receive wages due to them pursuant to these statutory and/or other laws and regulations.

73. Having injured Plaintiff and other members of the FLSA Collective and the State Law Class, Defendant is "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] and for costs and reasonable attorney's fees as may be allowed by the court" under Ohio law and the materially similar laws and their implementing regulations in effect in other States. *See* O.R.C. § 4111.10, as well as liquidated damages pursuant to O.R.C. § 4113.15, and exemplary or punitive damages pursuant to O.R.C. § 2307.60[5] and the materially similar laws and their implementing regulations in effect in other States.[6]

[Plaintiff's *Prayer for Relief* follows on the next page.]

---

[5] O.R.C. § 2307.60 provides civil recovery for criminal acts. A willful violation of the FLSA is a criminal act. 29 U.S.C. § 216(a). By its acts and omissions described herein, Defendant has willfully violated the FLSA, and O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

[6] Materially similar laws include Indiana's Minimum Wage Law, I.C. § 22-2-2, *et seq.*, and the Indiana Wage Payment Statute, I.C. § 22-2-5, *et seq.*; the South Carolina Payment of Wages Act, S.C. Code Ann. §§ 41-10-10 to 110; and the North Carolina Wage and Hour Act, N.C. Gen. Stat. 95-25.6; 95-25.1, *et seq.*

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court:

A.     Conditionally certify this case as a nationwide FLSA "collective action" pursuant to 29 U.S.C. § 216(b) as to the FLSA Collective and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B.     Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the State Law Class;

C.     Enter judgment against Defendant, and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the State Law Class;

D.     Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the State Law Class in the amount of their unpaid overtime wages, as well as liquidated damages in an equal amount;

E.     Enter injunctive relief to compel Defendant to ensure that it captures all hours worked by Plaintiff and the FLSA Collective and State Law Class members and pay the overtime and non-overtime wages due to these individuals;

F.     Award Plaintiff and other members of the FLSA Collective and State Law Class compensatory damages, prejudgment interest, costs, and attorneys' fees incurred in prosecuting this action, as well as statutory and/or punitive damages and an award of damages representing Defendant's employers' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes; and

G.     Enter such other and further relief as this Court deems equitable, just, and proper.

    Respectfully Submitted,

    *s/ Ryan A. Winters*
    Joseph F. Scott (0029780) †
    Ryan A. Winters (0086917)
    Kevin M. McDermott II (0090455)
    **SCOTT & WINTERS LAW FIRM, LLC**
    The Caxton Building
    812 Huron Rd. E., Suite 490
    Cleveland, OH 44115
    P: (216) 912-2221    F: (216) 350-6313
    jscott@ohiowagelawyers.com
    rwinters@ohiowagelawyers.com
    kmcdermott@ohiowagelawyers.com

*and*

Seth R. Lesser (NY SL5560) †*
Christopher M. Timmel (NY CT9831) *
**KLAFTER LESSER LLP**
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200
seth@klafterlesser.com
christopher.timmel@klafterlesser.com

*ATTORNEYS FOR PLAINTIFFS, PROPOSED FLSA COLLECTIVE ACTION PLAINTIFFS, AND PROPOSED FED. R. CIV. P. 23 CLASS COUNSEL*

*APPLICATIONS PRO HAC VICE TO BE FILED

†TRIAL COUNSEL FOR PLAINTIFF

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*s/ Ryan A. Winters*
Ryan A. Winters (Ohio - 0086917)

20