UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MICHAEL ALBERT,** *on behalf of himself and others similarly situated*,

    Plaintiff,

  v.

**HONDA DEVELOPMENT & MANUFACTURING OF AMERICA, LLC,**

    Defendant.

Case No. 2:22-cv-694
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

**TREVOR TRIPOLI,** *on behalf of himself and others similarly situated*,

    Plaintiff,

  v.

**HONDA DEVELOPMENT & MANUFACTURING OF AMERICA, LLC,**

    Defendant.

Case No. 2:22-cv-3828
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

**BRANDON WHATLEY,** *on behalf of himself and others similarly situated*,

    Plaintiff,

  v.

**HONDA DEVELOPMENT & MANUFACTURING OF AMERICA, LLC,**

    Defendant.

Case No. 2:22-cv-4372
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

**MELISSA SCARBROUGH,** *on behalf of himself and others similarly situated*,

    Plaintiff,

Case No. 2:22-cv-4277
JUDGE EDMUND A. SARGUS, JR.

      v.                                                                       **Magistrate Judge Kimberly A. Jolson**

**HONDA DEVELOPMENT &**
**MANUFACTURING OF AMERICA, LLC,**

      **Defendant.**

## OPINION AND ORDER

This matter is before the Court for consideration of the parties' Joint Motion to Consolidate Cases (Albert ECF No. 55; Tripoli ECF No. 34; Scarbrough ECF No. 14; Whatley ECF No. 17); Plaintiff Michael Albert's Emergency Motion for Notice and Conditional Certification (ECF No. 27); and Defendant Honda Development & Manufacturing of America, LLC's ("HDMA") memorandum in opposition, which both opposes Plaintiff's emergency motion and alternatively requests an order staying these proceedings (ECF No. 32). For the following reasons, the parties' Joint Motion to Consolidate Cases is **GRANTED** (Albert ECF No. 55; Tripoli ECF No. 34; Scarbrough ECF No. 14; Whatley ECF No. 17); Plaintiff's Emergency Motion for Notice and Conditional Certification is **DENIED without prejudice** (ECF No. 27); and Defendant HDMA's request in the alternative to stay proceedings pending the final disposition of *Brooke Clark, et al v. A&L Home Care and Training Center, LLC, et al.,* Sixth Circuit Case Nos. 22-3101, 22-3102 is **GRANTED** (ECF No. 32).

## I. BACKGROUND

Plaintiff Michael Albert brings this action against Defendant HDMA. Plaintiff raises claims under the Fair Labor Standards Act ("FLSA"), alleging that HDMA failed to pay overtime to him and other similarly situated employees. (Compl., ECF No. 13, at 15-17.) Plaintiff also raises claims under state law, which are not the subject of the motions at bar. (*Id.* at 17-18.)

**A. The Parties in *Albert***

According to Plaintiff, HDMA "is a firm consisting of 'all of [HDMA's] automobile manufacturing facilities in the U.S. related to frame, engine, transmission, and related engineering and purchasing operations[.]'" (*Id.* at 5.) Plaintiff also maintains that HDMA is an "employer" of Plaintiff and other putative collective members within the meaning of the FLSA, 29 U.S.C. § 203(d). (*Id.*)

Plaintiff Albert has been employed by HDMA as an hourly equipment service technician since October 2020. (*Id.* at 6.) HDMA classifies and pays Plaintiff, as well as those he seeks to include in this collective action, as a nonexempt employee. (*Id.*)

To facilitate the payment of compensation to HDMA's employees, HDMA uses a timekeeping system called Kronos, which is maintained by Ultimate Kronos Group. (Pl. Emergency Mot. for Cond. Cert., ECF No. 27, at 1.)

**B. Plaintiff's FLSA Claim**

Plaintiff's FLSA claim arises from a ransomware attack on the Kronos timekeeping system that rendered the system, as used by HDMA, inoperable from approximately December 11, 2021 to mid-February 2022. At the time of this service outage, HDMA did not have an alternative system in place to accurately track its employees' hours worked, including overtime compensation. (*Id.* at 2.) Without access to Kronos, HDMA was unable to determine the amount of time worked by each employee in the weeks leading up to and during the Kronos outage. (Def. Opp'n, ECF No. 32, at 2.)

On December 16, 2021, just a few days after HDMA lost access to Kronos, HDMA had to issue paychecks to its employees. (*Id.*) Unable to determine whether any nonexempt employees were entitled to overtime compensation, HDMA opted to pay these employees for 40 hours at their

3

regular rate of pay. (*Id.*) These paychecks did not account for any overtime that may have been due. (*Id.*) Before the second week of the Kronos outage, HDMA implemented a new compensation method, labeled the "40 plus 3 Pay Method." (*Id.* at 3.) Under the 40 plus 3 Pay Method, HDMA paid all nonexempt employees for 40 hours at their regular rate and for six hours at their overtime rate (HDMA retroactively applied three of those six overtime hours to the previous pay period when these nonexempt employees did not receive overtime compensation). (*Id.*)

HDMA used the 40 plus 3 Pay Method until the fifth week of the Kronos outage. (*Id.*) As of the fifth week, HDMA transitioned to a new timekeeping system using PeopleSoft, which functioned as a less-sophisticated Kronos. (*Id.* at 3-4.) The PeopleSoft system required nonexempt employees to manually complete their timesheets, which department managers and other supervisors then reviewed, adjusted, or approved, and then entered into the PeopleSoft system. (*Id.*) HDMA used the PeopleSoft system for weeks 5 through 10 of the Kronos outage. (*Id.* at 4.)

After the tenth week of the outage, HDMA was able to return to the Kronos timekeeping system in a limited capacity. (*Id.*) HDMA also issued a memo to its nonexempt employees stating that HDMA had started a reconciliation process that would rectify any discrepancies between the amount paid under the 40 plus 3 Pay Method and the amount that should have been paid while Kronos was either offline or functioning at a limited capacity. (*Id.* at 4-5.) HDMA began issuing reconciliation payments on April 27, 2022. (*Id.* at 5.) According to Plaintiff Albert, as well as multiple opt-in plaintiffs, these reconciliation payments did not adequately compensate them for their overtime, additional wage damages, or both. (Pl. Emergency Mot. for Cond. Cert., ECF No. 27, at 3-4.)

As a result of the Kronos outage and HDMA's subsequent remedial efforts, Plaintiff alleges that HDMA knowingly and willfully violated the FLSA by failing to pay and/or failing to timely

pay its nonexempt employees all overtime hours worked to which they were entitled. (Compl., ECF No. 13, at 3, 9-10, 11, 16.)

### C. The *Albert* Action

On February 15, 2022, Plaintiff Michael Albert, on behalf of himself and others similarly situated, brought suit against HDMA under, *inter alia*, the FLSA, 29 U.S.C. §§ 201-219. (*Id.* at 3.) Several months later, on May 4, 2022, Plaintiff moved pursuant to § 216(b) of the FLSA to conditionally certify the following collective:

> All current and former non-exempt (including but not limited to commission-based, hourly and salaried) employees of Defendant in the United States since the onset of the Kronos ransomware attack, from on or about December 1, 2021 to the present, whose weekly work hours were usually or would usually have been tracked by the Kronos timekeeping system, and who were not paid overtime compensation in the amount of one and one-half times the employee's regular rate of pay for all hours worked over forty (40) in any workweek during the Kronos outage period.

(Pl. Emergency Mot. for Cond. Cert., ECF No. 27, at iii.)

HDMA opposes conditional certification, and has filed its opposition and, in the alternative, a request to stay the proceedings (ECF No. 32), to which Plaintiff has replied (ECF No. 34).

### D. The *Tripoli* Action

On July 26, 2022, five months after Plaintiff Albert filed a Complaint in the Southern District of Ohio, Plaintiff Trevor Tripoli initiated a substantially similar collective action in the Southern District of Indiana.[1] (Tripoli Compl., ECF No. 1.) This action, like *Albert*, alleges that HDMA violated wage-and-hour laws by allegedly failing to pay all earned overtime compensation

---

[1] Per Tripoli's Complaint, he wishes to certify the following collective: "All current or former non-exempt employees of Honda, who worked in Indiana at any time during Honda's Kronos service outage, beginning on or about December 11, 2021, until the time that Honda regained full access to all Kronos products and services, and resumed normal employee timekeeping and payment operations." (Tripoli Compl., ECF No. 1, at 3.) Tripoli's collective does exclude those individuals who opt into the *Albert* action. (*Id.*)

5

in a timely manner during the Kronos outage. (*Compare* Albert Compl., ECF No. 13 *with* Tripoli Compl., ECF No. 1.)

On September 19, 2021, HDMA moved the court to transfer the *Tripoli* action to the Southern District of Ohio pursuant to the first-to-file doctrine. (Mot. to Transf., ECF No. 15.) Under this doctrine, courts consider (1) the chronology of the suits, (2) the similarity of the parties, and (3) the similarities of the suits. *See Aero Advanced Paint Tech., Inc. v. Int'l Aero Prods., LLC.*, 351 F. Supp. 3d 1067, 1070 (S.D. Ohio 2018). HDMA argued that *Tripoli* satisfied each factor. (Mot. to Transf., ECF No. 15, at 6.)

Plaintiff Tripoli did not oppose transfer (Resp. to Transf., ECF No. 21), and on October 27, 2022, the Southern District of Indiana transferred *Tripoli* to this District (ECF No. 24).

**E. The *Whatley* Action**

On July 25, 2022, Plaintiff Brandon Whatley filed a class and collective action in the Northern District of Alabama against HDMA.[2] (Whatley Compl., ECF No. 1.) This action, like *Albert* and *Tripoli*, alleges that HDMA failed to properly pay wages, including overtime, in accordance with the FLSA during the Kronos outage. (*Compare* Albert Compl., ECF No. 13 *with* Tripoli Compl., ECF No. 1, *and* Whatley Compl., ECF No. 1.)

On November 10, 2022, Whatley and HDMA jointly requested transfer of this action from the Northern District of Alabama to the Southern District of Ohio, where this Court is presiding over two substantially similar actions. (Mot. to Transf., Whatley ECF No. 8.) The Northern District

---

[2] Per Whatley's Complaint, he wishes to certify the following collective: "All current or former non-exempt employees of Honda, who worked in Alabama at any time during Honda's Kronos service outage, beginning on or about December 11, 2021, until the time that Honda regained full access to all Kronos products and services, and resumed normal employee timekeeping and payment operations." (Whatley Compl., ECF No. 1, at 3.) Whatley's collective excludes those individuals who opt into the *Albert* action. (*Id.*)

6

of Alabama granted the request, transferring the *Whatley* action to this Court on November 29, 2022. (Transf. Order, Whatley ECF No. 9.)

### F. The *Scarbrough* Action

On December 2, 2022, Plaintiff Melissa Scarbrough filed a Complaint in the Southern District of Ohio alleging that HDMA violated the FLSA and South Carolina law when it failed to timely pay wages during and after the Kronos outage. (Scarbrough Compl., ECF No. 1.) This Complaint brings claims on behalf of a collective of current and former nonexempt HDMA employees who worked in South Carolina during the Kronos outage.[3]

### F. The Parties Move to Consolidate

On January 11, 2023, the parties jointly filed a request to consolidate the *Albert*, *Tripoli*, *Whatley*, and *Scarbrough* matters pursuant to Federal Rule of Civil Procedure 42(a). (Albert ECF No. 55; Tripoli ECF No. 34; Scarbrough ECF No. 14; Whatley ECF No. 17.) In making this request, the parties asserted that consolidation is appropriate for the following reasons: (1) the *Albert*, *Tripoli*, *Whatley*, and *Scarbrough* actions present common questions of law and fact; (2) non-consolidation risks inconsistent adjudications of common factual and legal issues; and (3) multiple lawsuits would unnecessarily burden the Court and the parties. (*Id.*)

---

[3] Per Scarbrough's Complaint, she wishes to certify the following collective: "All current or former non-exempt employees of Honda, who worked in South Carolina at any time during Honda's Kronos service outage, beginning on or about December 11, 2021, until the time that Honda regained full access to all Kronos products and services, and resumed normal employee timekeeping and payment operations." (Scarbrough Compl., ECF No. 1, at 3.) Scarbrough's collective excludes those individuals who opt into the *Albert* action. (*Id.*)

## II. STANDARD OF REVIEW

### A. Rule 42(a)

Plaintiffs have moved for consolidation under Federal Rule of Civil Procedure 42(a). Rule 42(a) provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Rule 42(a) "affords the district court discretion concerning the purposes and scope of consolidation," guided by the "underlying objective . . . to administer the court's business 'with expedition and economy while providing justice to the parties.'" *Advey v. Celotex Corp.*, 962 F.2d 1177, 1180 (6th Cir. 1992) (quoting 9 Wright & Miller, Federal Practice and Procedure, § 2381 (1971)). "As long as there are some common questions of either law or fact, the court has the flexibility under Rule 42(a) to allow cases to proceed jointly with respect to such matters in which joint proceedings would not be unduly prejudicial and would be an effective utilization of judicial resources." *Borden v. Antonelli Coll.*, No. 1:16-cv-519, 2016 U.S. Dist. LEXIS 137716, at *4 (S.D. Ohio Oct. 4, 2016).

### B. 29 U.S.C. § 216(b)

Plaintiffs also move for conditional certification under 29 U.S.C. § 216(b). Section 216(b) of the FLSA provides:

> Any employer who violates the [minimum wage or overtime provisions of this title] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . An action to recover [this] liability . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

29 U.S.C. § 216(b). The Sixth Circuit has interpreted this provision as establishing two requirements for a representative action under the FLSA: Plaintiffs must (1) "actually be 'similarly

8

situated;'" and (2) "must signal in writing their affirmative consent to participate in the action." *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006) (quoting 29 U.S.C. § 216(b)).

"For FLSA collective actions, class certification typically occurs in two stages: conditional and final certification." *Frye v. Baptist Mem'l Hosp., Inc.*, 495 F. App'x 669, 671 (6th Cir. 2012). Conditional certification occurs at the beginning of the discovery process. *Comer*, 454 F.3d at 546. This "notice stage" focuses on whether there are plausible grounds for plaintiffs' claims. *Cornell v. World Wide Bus. Servs. Corp.*, No. 2:14-CV-27, 2015 WL 6662919, at *1 (S.D. Ohio Nov. 2, 2015). "District courts use a 'fairly lenient standard' that 'typically results in conditional certification of a representative class' when determining whether plaintiffs are similarly situated during the first stage of the class certification process." *White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 877 (6th Cir. 2012) (quoting *Comer*, 454 F.3d at 547). At the second stage of the FLSA collective action framework, after discovery is complete, "the defendant may file a motion to decertify the class if appropriate to do so based on the individualized nature of the plaintiff's claims." *Heibel v. U.S. Bank Nat'l Ass'n*, No. 2:11-CV-00593, 2012 U.S. Dist. LEXIS 139510, at *8 (S.D. Ohio Sep. 27, 2012).

**C. The Court's Power to Stay Proceedings**

A district court has "the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Zimmers v. Eaton Corp.*, No. 15-CV-2398, 2016 U.S. Dist. LEXIS 46000, at *4 (S.D. Ohio Apr. 5, 2016) (citing *Ferrell v. Wyeth-Ayerst Labs., Inc.*, No. 1:01-cv-447, 2005 U.S. Dist. LEXIS 25358, at *6 (S.D. Ohio Oct. 24, 2005)). In deciding whether to grant a stay, courts consider factors such as: "(1) the need for a stay; (2) the stage of litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4) whether a stay

will simplify the issues; and (5) whether the burden of litigation will be reduced for both the parties and the court." *Id.* at *5 (citing *Zimmers*, 2016 U.S. Dist. LEXIS 46000 at *4-5).

### III. LAW & ANALYSIS

Before the Court sit the following motions: the parties Joint Motion to Consolidate Cases; Plaintiff Albert's Emergency Motion for Notice and Conditional Certification; and HDMA's request for an order staying these proceedings. The Court will begin by addressing the parties' Joint Motion to Consolidate Cases before turning to Plaintiff's emergency motion and HDMA's request for a stay.

#### A. Motion to Consolidate Cases

The parties jointly move under Federal Rule of Civil Procedure 42(a) for an order consolidating *Tripoli v. Honda Dev. & Mfg of America, LLC*, 2:22-cv-3828-EAS-KAJ (S.D. Ohio), *Whatley v. Honda Dev. & Mfg of America, LLC*, 2:22-cv-4372-EAS-KAJ (S.D. Ohio), and *Scarbrough v. Honda Dev. & Mfg of America, LLC*, 2:22-cv-4277-EAS-KAJ (S.D. Ohio) with *Albert v. Honda Dev. & Mfg of America*, 2:22-cv-694-EAS-KAJ (S.D. Ohio).

The parties assert that consolidation is proper because (1) these cases arise out of similar facts and present common questions of law, (2) there is a risk of inconsistent judgments should the cases remain separate, and (3) allowing the cases to proceed parallel to each other would waste the Court and the parties' resources. (Albert ECF No. 55, at 5-8.) The Court agrees.

Upon consideration of the parties' Joint Motion to Consolidate Cases, the Court finds the motion well-taken and therefore orders consolidation of *Tripoli v. Honda Dev. & Mfg of America, LLC*, 2:22-cv-3828-EAS-KAJ (S.D. Ohio), *Whatley v. Honda Dev. & Mfg of America, LLC*, 2:22-cv-4372-EAS-KAJ (S.D. Ohio), and *Scarbrough v. Honda Dev. & Mfg of America, LLC*, 2:22-cv-

4277-EAS-KAJ (S.D. Ohio) with *Albert v. Honda Dev. & Mfg of America*, 2:22-cv-694-EAS-KAJ (S.D. Ohio). The case schedule issued in *Albert* shall control the consolidated action.

B. **Motion to Stay**

In its opposition to Plaintiff Albert's emergency motion for conditional certification, HDMA argues that the Court should stay this proceeding because a controlling issue in this case—namely, the applicable legal standard for certification of collective actions under the FLSA—is currently before the Sixth Circuit in the cross-appeals captioned *Brooke Clark et al. v. A&L Home Care and Training Center LLC, et al.*, Nos. 22-3101 and 22-3102. (ECF No. 32, at 7-8, 16.) Resolution of this interlocutory appeal, according to HDMA, will likely decide the extent to which district courts in the Sixth Circuit should adhere to the current two-step collective certification approach or the Fifth Circuit's one-phase inquiry, which requires district court's to "rigorously scrutinize" whether the plaintiff and the proposed collective are sufficiently similar "at the outset of litigation" (*i.e.*, *before* the plaintiff can notify potential opt-in plaintiffs). (*Id.*; *see also Swales v. KLLM Transport Services, LLC*, 985 F.3d 430, 434 (5th Cir. 2021).)

In response, Plaintiff distinguishes this case (a putative hybrid FLSA-Rule 23 action) from *A&L Home Care* (a purely FLSA case) in arguing that waiting on the Sixth Circuit's clarification for FLSA cases would not promote judicial economy. (Pl. Reply, ECF No. 34, at 14-15.) In making this argument, Plaintiff relies on *Kleinhans v. Greater Cincinnati Behavioral Health Servs.*, No. 1:21-cv-00070, 2022 U.S. Dist. LEXIS 40333 (S.D. Ohio Mar. 8, 2022) (declining to stay hybrid action pending a decision in *A&L Home Care*, as a stay would not create judicial economy). (*Id.*) Moreover, Plaintiff argues conditional certification is urgent because, with each passing day, HDMA is better able "to engage in unilateral communications with and obtain signed statements from potential class members, which [HDMA] will almost certainly use against these

11

workers who may not understand the consequences of signing and 'agreeing' to these 'statements.'" (*Id.* at 12-13.)

The Court finds that the factors weigh in favor of a stay. First, the need for the stay involves the direct legal issue presently before the Court—that is, the appropriate framework for conditionally certifying a collective action. *See Lovendahl v. Kroger Co.*, No. 1:21-cv-00350, 2022 U.S. Dist. LEXIS 34124, at *5 (S.D. Ohio Feb. 28, 2022) (citing *A&L Home Care and Training Center, LLC, et al.,* Sixth Circuit Case Nos. 22-3101, 22-3102) ("the Sixth Circuit granted the petition for leave to appeal the district court's partial grant of an FLSA collective action in [*A&L Home Care*] and held that the Sixth Circuit will review the issue of what standard to apply when conditionally certifying a collective action, *i.e.*, a one-phase or two-phase inquiry.").

Second and third, a stay will also likely reduce the burdens on both the Court and the parties, as well as simplify the issues that must be resolved. The prudent path is to proceed with this case *after* the Sixth Circuit clarifies the appropriate conditional certification framework rather than march forward under a framework that may soon be inconsistent with Sixth Circuit precedent. *See Cordell v. Sugar Creek Packing Co.*, No. 2:21-cv-755, 2022 U.S. Dist. LEXIS 146965, at *9 (S.D. Ohio Aug. 16, 2022) (staying action pending Sixth Circuit's decision in *A&L Home Care*, noting "clarification will reduce the danger of having to consider this issue twice should the Sixth Circuit decide that the two-step certification process is no longer viable, which would redound to the benefit of the parties as well as the Court").

Fourth, this case is still at an early stage of litigation, which weighs in favor of a stay. *See Sherwood Sensing Sols., LLC v. Henny Penny Corp.*, No. 3:19-cv-366, 2020 U.S. Dist. LEXIS 75319, at *2-3 (S.D. Ohio Apr. 28, 2020) (finding that the early stage of litigation weighed in favor of granting motion to stay).

12

The Court also finds Plaintiff's reliance on *Kleinhans* to be unpersuasive. First, multiple courts in the Southern District have granted stays in hybrid cases following the Sixth Circuit's decision to hear argument in *A&L Home Care*. *See, e.g.*, *Green v. Cornerstone Servs.*, No. 1:20-cv-706, (S.D. Ohio Feb. 26, 2022) (staying case despite putative hybrid FLSA-Rule 23 action); *Mullen v. Chaac Pizza Midwest, LLC*, No. 1:20-CV-893, 2022 U.S. Dist. LEXIS 39301, at *16-17 (S.D. Ohio Mar. 7, 2022) (same); *Cordell*, 2022 U.S. Dist. LEXIS 146965, at *10-11 (same). That the case at bar is a hybrid action, whereas *A&L Home Care* is not, appears to be a distinction without a meaningful difference.

Second, of the seven Southern District cases that this Court is aware that have considered a stay pending the Sixth Circuit's decision, all but *Kleinham* granted the request. *See Green*, No. 1:20-cv-706, (S.D. Ohio Feb. 26, 2022); *Lovendahl v. Kroger Co.*, No. 1:21-cv-00350, 2022 U.S. Dist. LEXIS 34124 (S.D. Ohio Feb. 28, 2022); *Schell v. Kroger Co.*, No. 1:21-cv-00103, 2022 U.S. Dist. LEXIS 34130 (S.D. Ohio Feb. 28, 2022); *Mullen*, 2022 U.S. Dist. LEXIS 39301 (S.D. Ohio Mar. 7, 2022); *Cordell*, 2022 U.S. Dist. LEXIS 146965 (S.D. Ohio Aug. 16, 2022); *McLemore v. Kav Health Grp., LLC*, No. 3:22-cv-155, 2022 U.S. Dist. LEXIS 210239 (S.D. Ohio Nov. 18, 2022). This Court will not follow a path that runs counter to the greater body of law in this District.

Plaintiff also raises concerns that any delay in sending notice would facilitate HDMA's unilateral communications with potential opt-in patients, which would better enable HDMA to obtain signed releases from potential collective members. While this is a reasonable concern, the Court does not find that it outweighs the other factors weighing in favor of a stay. Moreover, Plaintiff's counsel has taken efforts to mitigate this concern through its social media

13

communications (Ex. 11, ECF No. 32-12) and its case-specific website (HONDA – KRONOS OVERTIME LAWSUIT, https://www.hondaovertimecase.com (last visited Dec. 8, 2022).

Lastly, the parties do not suggest, and the Court does not find, that there is any present risk that a stay might extinguish a potential opt-in member's claim. Plaintiff seeks a certification of a collective of those employed during the Kronos outage, which Plaintiff limits to December 1, 2021 to the present. Under the FLSA's statute of limitations, which is two years for non-willful violations and three years for willful violations, the earliest that a potential opt-in plaintiff's claim would run is December 1, 2023—almost a year from the issuance of this Opinion and Order. *See* 29 U.S.C. § 255(a).

In sum, the balance of the factors militates toward a stay. However, this Opinion and Order should *not* be read as endorsing a stay whenever a case before the Sixth Circuit involves legal issues that are potentially relevant to a separate action pending in a district court. But in this case, under these unique circumstances, a stay is appropriate. As such, the Court grants HDMA's request to stay this action pending the Sixth Circuit's resolution of *A&L Home Care*.

### C. Motion to Conditionally Certify FLSA Collective

Because the Court grants HDMA's request to stay proceedings, Plaintiff's Emergency Motion for Notice and Conditional Certification (ECF No. 27) is denied without prejudice.

### IV. CONCLUSION

For the reasons stated above, the parties' Joint Motion to Consolidate Cases is **GRANTED** (Albert ECF No. 55; Tripoli ECF No. 34; Scarbrough ECF No. 14; Whatley ECF No. 17)—the parties are **ORDERED** to follow the case schedule in *Albert*; Plaintiff's Emergency Motion for Notice and Conditional Certification is **DENIED without prejudice** (ECF No. 27); and HDMA's request to stay this matter pending the final disposition of *A&L Home Care* is **GRANTED** (ECF

No. 32). The parties shall jointly contact the Court within **FOURTEEN (14) DAYS** of the Sixth Circuit's issuance of its decision in *A&L Home Care*.

This case remains open.

**IT IS SO ORDERED.**

**1/30/2023**                                                                 **s/Edmund A. Sargus, Jr.**
**DATED**                                                                      **EDMUND A. SARGUS, JR.**
                                                                               **UNITED STATES DISTRICT JUDGE**