## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **MICHAEL ALBERT,** *on behalf of himself and others similarly situated*,       Plaintiff, <br><br>v.<br><br>**HONDA DEVELOPMENT & MANUFACTURING OF AMERICA, LLC,**       Defendant. | **Case No. 2:22-cv-694** <br>**JUDGE EDMUND A. SARGUS, JR.**<br>**Magistrate Judge Kimberly A. Jolson** |
| **TREVOR TRIPOLI,** *on behalf of himself and others similarly situated*,       Plaintiff, <br><br>v.<br><br>**HONDA DEVELOPMENT & MANUFACTURING OF AMERICA, LLC,**       Defendant. | **Case No. 2:22-cv-3828** <br>**JUDGE EDMUND A. SARGUS, JR.**<br>**Magistrate Judge Kimberly A. Jolson** |
| **BRANDON WHATLEY,** *on behalf of himself and others similarly situated*,       Plaintiff, <br><br>v.<br><br>**HONDA DEVELOPMENT & MANUFACTURING OF AMERICA, LLC,**       Defendant. | **Case No. 2:22-cv-4372** <br>**JUDGE EDMUND A. SARGUS, JR.**<br>**Magistrate Judge Kimberly A. Jolson** |
| **MELISSA SCARBROUGH,** *on behalf of herself and others similarly situated*,       Plaintiff, <br><br>v.<br><br>**HONDA DEVELOPMENT & MANUFACTURING OF AMERICA, LLC,**       Defendant. | **Case No. 2:22-cv-4277** <br>**JUDGE EDMUND A. SARGUS, JR.**<br>**Magistrate Judge Kimberly A. Jolson** |

**OPINION AND ORDER**

This matter is before this Court on Plaintiff Michael Albert's[1] Objection Pursuant to Rule 56(c)(2) of the Declaration of Robin Titus (ECF No. 97-2). (Obj., ECF No. 100.) Defendant Honda Development Manufacturing of America, LLC responded (Resp., ECF No. 101), and Plaintiff replied (Reply, ECF No. 102). For the reasons stated below, Plaintiff's Objection is **OVERRULED** (ECF No. 100), and the Court will consider Ms. Titus's Declaration when it rules on Honda's summary judgment motion.

I. **BACKGROUND**

The facts and complex procedural history of this hybrid Fair Labor Standards Act ("FLSA")-putative Federal Rule of Civil Procedure 23 action are summarized in the Court's previous September 2024 Opinion and Order, which granted in part and denied in part Named Plaintiffs' Motion to Facilitate Court-Authorized Notice to Other Similarly Situated Potential Plaintiffs ("Notice Motion," ECF No. 75). (Sept. 2024 O&O, ECF No. 106.) That history will not be repeated here. Rather, the Court provides only the history relevant to this Opinion and Order and refers the reader to the September 2024 Opinion and Order. (*Id.*)

Plaintiff sued Honda in February 2022. (Compl., ECF No. 1.) Honda "is a firm consisting of . . . automobile manufacturing facilities in the U.S. related to frame, engine, transmission, and related engineering and purchasing operations[.]" (Am. Compl., ECF No. 13, ¶ 14.) Plaintiff

---

[1] Throughout the briefing on the Objection, the parties refer to a singular "Plaintiff," Mr. Albert. The Court will do the same. Plaintiff, however, filed the Objection on all four related case dockets. Case No. 2:22-cv-694, ECF No. 100; Case No. 2:22-cv-3828, ECF No. 75; Case No. 2:22-cv-4372, ECF No. 58; Case No. 2:22-cv-4277, ECF No. 57. The Court has explained that "Honda moved for summary judgment only as to Albert, not the other Named Plaintiffs, Tripoli, Whatley, and Scarbrough." (Sept. 2024 O&O, ECF No. 106, PageID 1764 n.2.) So the Court's ruling on Plaintiff's Objection and decision to consider it applies only to Plaintiff Albert's summary judgment motion.

2

raises a claim under the FLSA, alleging that Honda failed to pay overtime to him and other similarly situated employees. (*Id.* ¶¶ 61–67.) He also raises a claim for Ohio wage and hour violations under Ohio Revised Code §§ 4111.03, 4113.15, and 2307.60. (*Id.* ¶¶ 68–73.) Plaintiff's claims arise from a ransomware attack on the Kronos timekeeping system that rendered the system, as used by Honda, inoperable from about December 11, 2021 to mid-February 2022. (Am. Compl. ¶ 2; Notice Mot., PageID 1061–62, 1066; Alloway Decl., ECF No. 32-1, ¶¶ 3, 21.)

Honda moved for summary judgment in the *Albert* action early on in the case. (ECF No. 37.) After Plaintiff filed a Federal Rule of Civil Procedure 56(d) motion, the parties jointly moved to extend the time for Plaintiff to respond to conduct discovery, and the Court granted the joint motion. (ECF Nos. 39, 40.)

The three other above-captioned actions—*Tripoli v. Honda Dev. & Mfg. of Am., LLC*, 2:22-cv-03828, *Whatley v. Honda Dev. & Mfg. of Am., LLC*; 2:22-cv-04372, and *Scarbrough v. Honda Dev. & Mfg. of Am., LLC*, 2:22-cv-04277—were filed after Plaintiff Albert's action and allege similar violations of federal or state law because of Honda's Kronos outage. (January 2023 O&O, ECF No. 58, PageID 723–25.) Upon the parties' request, the Court consolidated the four actions in January 2023. (ECF No. 55; January 2023 O&O.) In the same January 2023 Opinion and Order, the Court stayed the consolidated case, finding persuasive Honda's argument that the Court should enter a stay because a controlling issue—the applicable legal standard for certification of collective actions under the FLSA—was before the Sixth Circuit in the cross-appeals captioned *Brooke Clark et al. v. A&L Home Care and Training Center LLC, et al.*, Nos. 22-3101 and 22-3102. (*Id.* PageID 729–33.)

The stay was lifted about a half a year later when the *A&L Home Care* opinion was published and the motion for summary judgment was reactivated, but the Court issued more briefing extensions on the summary judgment motion because of discovery disputes and motions for extensions. (ECF Nos. 65, 67, 68, 97.) While the discovery disputes were ongoing, the Notice Motion (ECF No. 75) was filed and briefed. The Court found it prudent to rule on the Notice Motion before the summary judgment motion. (Sept. 2024 O&O, PageID 1760.)

The Notice Motion was granted in part and denied in part. (*Id.* PageID 1774.) This Court concluded "Named Plaintiffs have shown a strong likelihood of similarly situatedness, but the proposed notice must be revised," and ordered the parties to meet and confer and submit an updated proposed notice consistent with the Court's findings in the September 2024 Opinion and Order. (*Id.*) The parties complied (ECF No. 108), and the Court approved the revised notice, consent form, and cover email (ECF No. 110). Since notice was sent out, 27 notices of filing consent forms have been filed, most containing multiples of opt-ins. (ECF Nos. 114–129; 131–142.)

The Objection before the Court was filed after Honda filed its reply brief in support of its motion for summary judgment. (Obj.) Honda responded (Resp.), and Plaintiff replied (Reply). The Objection is ripe for the Court's review.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56(c)(2) provides that in the context of summary judgment, "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). "The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated." *Id.* (2010 Am. Advisory Comm. Notes); *see DiLuzio v. Vill.*

*of Yorkville, Ohio*, No. 2:11-CV-1102, 2014 WL 12654897, at *1 (S.D. Ohio Mar. 26, 2014) (Watson, J.).

**III. ANALYSIS**

Plaintiff makes two main arguments in support of his position that the Court should not consider Ms. Titus's Declaration. First, Plaintiff argues Honda filed the Declaration as "new purported evidence" for the first time with its reply brief, depriving Plaintiff of the opportunity to respond to it. (Obj. PageID 1707.) Plaintiff asserts Ms. Titus's Declaration is an attempt by Honda to rewrite its Federal Rule of Civil Procedure 30(b)(6) testimony. (*Id.*) Second, Plaintiff argues the Declaration is improper expert testimony under Federal Rule of Evidence 702. (*Id.*) Each dispute is addressed below.

**A. Ms. Titus was properly disclosed as a potential witness, her Declaration is not new evidence, and her Declaration does not contradict Honda's Rule 30(b)(6) testimony.**

As a preliminary matter, Plaintiff asserts that Ms. Titus's Declaration was not properly produced in discovery. (Obj. PageID 1711 n. 1.) In the same footnote, Plaintiff concedes Ms. Titus was listed as one of 14 individuals who may have knowledge about Honda's response to the Kronos outage in response to Plaintiff's request for interrogatories. (*Id.*) Honda explains that it submitted Ms. Titus's Declaration to support its rebuttal to an argument Plaintiff made in his response to Honda's summary judgment motion (SJ Resp., ECF No. 96), and it did not possess the Declaration until after Honda's response. (Resp. PageID 1721.) Honda also notes Ms. Titus was identified as a leader in payroll at Honda during a Rule 30(b)(6) deposition. (*See* ECF No. 95, PageID 930–31.) Plaintiff's argument that Honda failed to produce the Declaration does not have merit.

Next, Plaintiff states that Ms. Titus was not a Rule 30(b)(6)-designated witness and that Plaintiff "should have been able to rely on the evidentiary record and Rule 30(b)(6) witnesses

5

Honda designated." (Obj. PageID 1710.) As Honda submits though, there is no requirement in the Rules that limits it to supporting its summary judgment motion with its testimony from Rule 30(b)(6) witnesses only. (*See* Resp. PageID 1720); Fed. R. Civ. P. 56(c)(1)(A) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials").

Plaintiff's primary grievance with Ms. Titus's Declaration is that it contradicts Honda's Rule 30(b)(6) testimony that Honda could have captured time during the Kronos outage by pencil and paper or a manual method. Plaintiff says he "never knew of these supposed contentions during the discovery period, the Declaration effectively constitutes a lay in the weeds 'gotcha' effort to sidestep the discovery process." (Obj. PageID 1712.) Plaintiff compares the testimony of Honda's Rule 30(b)(6) witness, Tanya Alloway, to that of Ms. Titus and takes issue. Here is Ms. Alloway's testimony:

> Q: To your knowledge, was there any aspect of the employee time necessary to process payroll that could not have been captured on a paper form following the Kronos outage?
>
>> A. I need to think about that for a moment. To answer your question specifically, is there any component that could not be captured on a paper form, I would have to answer no, because you can capture time on paper.
>> . . . .
>
> Q: So it's being entered into the PeopleSoft system?
>
>> A. Starting late December.
>
> Q: And was the PeopleSoft, the data as it existed in the PeopleSoft system, that being transmitted to ADP for the purposes of processing payroll? So it's being entered into the PeopleSoft system?
>
>> I. Yes.

6

(Alloway Dep., ECF No. 73-1, 24:12–25; 26:12–19.) Plaintiff says the above testimony directly contradict the following testimony from Ms. Titus:

> One option we considered briefly was capturing time manually (including via paper forms, email, or Excel documents) and feeding that into the payroll system. This was rejected immediately as unrealistic. While associates certainly could capture their time manually and provide that to managers and/or payroll, HDMA could not timely enter the time entries for about 20,000 associates and 21 possible different pay codes on a weekly basis into the enterprise payroll system provided by ADP.

(Titus Decl., ECF No. 97-2, ¶ 8.) Plaintiff says Ms. Alloway never made such limitations when she provided her Rule 30(b)(6) testimony, and Honda is "seeking to rewrite and contradict the prior deposition testimony." (Obj. PageID 1714.)

The Court will not infer such ill intent by Honda. Ms. Alloway's testimony responded to carefully constructed deposition questions. (*See* Alloway Dep. 24:22 ("To answer your question specifically").) Plaintiff's counsel did not ask follow-up questions or attempt to clarify what Ms. Alloway was saying. (*See id.* at 24–26.) Not surprisingly, Honda offers additional explanation in another declaration. Ms. Titus's Declaration is chronological, and the paragraphs must be taken in context. In paragraph 8, Ms. Titus is discussing the time period before December 30, 2021, when Honda implemented the PeopleSoft solution. (Titus Decl., ¶ 11.) Further, as Honda points out, it acknowledged in both its reply brief and Ms. Titus's Declaration that associates could manually capture their time and provide it to managers or payroll, which is what Ms. Alloway seems to have been saying. (ECF No. 97, PageID 1657; Titus Decl. ¶ 8.) Honda provides additional explanation, in both its reply and Ms. Titus's Declaration, that there is a difference between manually capturing time and entering the time into a system for payroll processing, and there are specific challenges when transmitting a large volume of timekeeping data to a payroll system. (*See* ECF No. 97, PageID 1657–58; Titus Decl., PageID 1700–02). These issues have been central to this lawsuit since the beginning and were properly included in Honda's reply and

Ms. Titus's Declaration to Plaintiff's response brief. The Court declines to strike Ms. Titus's Declaration on these grounds.

### B. Ms. Titus's Declaration does not offer expert testimony and may be properly considered.

Plaintiff points to two paragraphs in Ms. Titus's Declaration and argues they should be excluded because they constitute expert testimony. (Obj. PageID 1714.) The first is part of paragraph 10 of her Declaration:

> It might be possible for some small companies' payroll department to convert time and pay code data collected manually into such a file and format, but it is not for a company of substantial size, and certainly not possible for HDMA.

(Titus Decl. ¶ 10.) The second is in paragraph 14:

> In my 20 years of working in payroll for Honda entities and three other companies, I have not heard of any having a backup electronic timekeeping system. In my opinion, purchasing one would be financially expensive and administratively impractical, as it would require separate implementation processes and ongoing management and training for those who would be tasked with using such a backup system.

(*Id.* ¶ 14.) Plaintiff reasons these statements "as to what is practical or possible with regard to data information systems and at varying sized companies are expert testimony," and Ms. Titus's Declaration does not provide the requisite information necessary to qualify her as an expert, for example, specialized training or education. (Obj. PageID 1715.)

Honda states it is not offering Ms. Titus as an expert witness, but as a lay witness. (*Id.* PageID 1723.) Honda speculates that part of Ms. Titus's statement could be challenged under Federal Rule of Evidence 701: "At most, part (a) [in her experience working in payroll…] could be challenged under Federal Rule of Evidence 701 as impermissible opinion testimony, but even that would fall flat." (*Id.*) Honda notes that striking paragraph 14 from Ms. Titus's Declaration would not make a difference in the Court's disposition of Honda's summary judgment motion because it relied on other deposition testimony to make a similar point. (*Id.*)

8

>Rule 701, provides:
>
>If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
>(a) rationally based on the witness's perception;
>
>(b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
>
>(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701. The purpose of this Rule is to "to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." Fed. R. Evid. 701 (2000 Am. Advisory Comm. Notes).

Ms. Titus's testimony in her Declaration satisfies subsections (a), (b), and (c). She is not testifying as an expert and her testimony in paragraphs 10 and 14 are based on her perceptions working in human resources departments and at Honda. Her testimony helps determine whether it was viable for Honda to buy a backup electronic timekeeping system and the feasibility of Honda converting manually collected time and pay code data to payroll.

While a closer call, the Court finds the testimony is not based on any scientific, technical, or other specialized knowledge within the scope of Federal Rule of Evidence 702. While Ms. Titus's testimony is not based on any scientific or technical knowledge, one could argue it is based on specialized knowledge as an HR and payroll professional. Case law and the Advisory Committee Notes guides the analysis. "The prototypical example of the type of evidence contemplated by the adoption of Rule 701 relates to the appearance of persons or things, identity, the manner of conduct, competency of a person, degrees of light or darkness, sound, size, weight, distance, and an endless number of items that cannot be described factually in words apart from inferences." *Harris v. J.B. Robinson Jewelers*, 627 F.3d 235, 241 (6th Cir. 2010). The Advisory

Committee Notes to the 2000 Amendment to this Rule help the Court understand the nature of lay witness testimony:

> The amendment incorporates the distinctions set forth in *State v. Brown*, 836 S.W.2d 530, 549 (1992), a case involving former Tennessee Rule of Evidence 701, a rule that precluded lay witness testimony based on "special knowledge." In *Brown*, the court declared that the distinction between lay and expert witness testimony is that lay testimony "results from a process of reasoning familiar in everyday life," while expert testimony "results from a process of reasoning which can be mastered only by specialists in the field." The court in Brown noted that a lay witness with experience could testify that a substance appeared to be blood, but that a witness would have to qualify as an expert before he could testify that bruising around the eyes is indicative of skull trauma. That is the kind of distinction made by the amendment to this Rule.

Fed. R. Evid. 701 (2000 Am. Advisory Comm. Notes).

Ms. Titus's testimony lies somewhere in between these straightforward examples. On one hand, Ms. Titus references her "20 years of working in payroll for Honda entities and three other companies" in forming her opinion, which could lead one to conclude her expertise in HR and payroll is what allows her to form her opinion. On the other, one could determine that "a process of reasoning familiar in everyday life" allowed Ms. Titus to conclude that it would be impractical for a company the size of Honda (with around 20,000 associates) to have its payroll department convert time and pay code data collected manually and purchase a backup electronic timekeeping system. The latter scenario seems more likely, and the Court will consider these paragraphs 10 and 14 in the context of the Declaration as a whole (which again, is sequential). If this matter reaches trial and Honda tries to offer Ms. Titus's opinion testimony through the stand or her Declaration, Plaintiff can always object again and the Court will reconsider if the testimony should be properly considered by the jury.

Finally, Plaintiff argues that the above portions of Ms. Titus's Declaration should be excluded because they are not responsive to his arguments. (Obj. PageID 1715.) Plaintiff says he was not arguing that "Honda should have necessarily maintained a 'backup electronic

timekeeping system' but rather that Honda failed to ensure that Kronos had a proper disaster recovery plan." (*Id.*) But as Honda responds, this distinction was not made in Plaintiff's response brief to Honda's summary judgment motion and is thus unpersuasive. (Resp. PageID 1724 (citing SJ Resp., PageID 1639 ("Had Honda had an alternative time-keeping system in place it would have allowed Honda to avoid violating the FLSA.")).) The Court agrees. Plaintiff's nuanced argument fails.

IV. **CONCLUSION**

Plaintiff's Objection—filed as a "Motion to Strike Reply in Response to Motion, Plaintiff's Objection to Declaration of Robin Titus" (ECF No. 100)—is **OVERRULED**. The Court will consider Ms. Titus's Declaration when it rules on the summary judgment motion. The Clerk is **DIRECTED** to file this Opinion and Order on the related dockets as well, and terminate the following corresponding motions: Case No. 2:22-cv-3828, ECF No. 75; Case No. 2:22-cv-4372, ECF No. 58; 2:22-cv-4277, ECF No. 57. Because this case has been consolidated, in the future, the parties need only to file in the oldest case, this one, Case No. 2:22-cv-694.

This case remains open.

**IT IS SO ORDERED.**

**3/29/2025**                                                     **s/Edmund A. Sargus, Jr.**
**DATE**                                                             **EDMUND A. SARGUS, JR.**
                                                                      **UNITED STATES DISTRICT JUDGE**